**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| **RITA and ANDREW KAULBACH** | |
| Plaintiffs, | Civil Action No. _____ |
| v. | JURY TRIAL REQUESTED |
| **WAL-MART STORES, INC.,** | |
| **WALMART TRANSPORTATION, L.L.C.,** | |
| **and PRIME INC.,** | |
| Defendants. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Rita and Andrew Kaulbach complain against Wal-Mart Stores, Inc., Walmart Transportation, L.L.C., and Prime Inc. as follows:

**Parties**

1. Plaintiff Rita Kaulbach resides at 349 Emory Road, Andover, New Hampshire 03216, and is a citizen of New Hampshire.

2. Plaintiff Andrew Kaulbach resides at 349 Emory Road, Andover, New Hampshire 03216, and is a citizen of New Hampshire.

3. The accident giving rise to this lawsuit occurred in New Hampshire.

4. Defendant Wal-Mart Stores, Inc. is a corporation authorized to do business in New Hampshire with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas, 72716.

5. Defendant Walmart Transportation, L.L.C. is a corporation authorized to do business in New Hampshire with its principal place of business at 311 North Walton Boulevard, Bentonville, Arkansas, 72712.

6. The Defendant Prime Inc., is a Missouri corporation authorized to do business in New Hampshire with its principal place of business at 2740 North Mayfair, Springfield, Missouri, 65803.

## Jurisdiction

7. Diversity of citizenship exists between the Plaintiffs and the Defendants, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. This court has jurisdiction pursuant to 28 U.S.C. §1332.

## Facts Common To All Claims

9. On or about May 30, 2014, a tractor-trailer was being operated by one, Deborah L. Marble, in an easterly direction on Route 11 in Andover, New Hampshire.

10. While operating the aforementioned tractor-trailer on said Route 11, Deborah Marble parked the tractor-trailer in the paved emergency breakdown lane of Route 11 facing eastward.

11. The aforesaid parking of the tractor-trailer in the emergency breakdown lane was not compelled by any emergency or mechanical problem.

12. At all relevant times hereto, Deborah Marble was an employee and/or agent of the defendants and was acting within the course and scope of her employment and/or agency.

13. While the aforesaid tractor-trailer had been parked in the emergency breakdown lane of Route 11 in excess of ten minutes, the Plaintiff, Rita Kaulbach, was riding her bicycle in an easterly direction on Route 11 in Andover, New Hampshire.

14. The plaintiff Rita Kaulbach collided with the rear end of the tractor-trailer and sustained severe, painful, and permanent personal injuries and in consequence will permanently continue to suffer extreme pain, anguish, mental distress and disability, has incurred medical and hospital expenses, past, present and future, has suffered a loss of income and earning capacity, loss of life's enjoyment and other loss.

### Count I – Negligence Per Se
### (Violation of RSA §265:68)

15. The Plaintiffs repeat and incorporate herein the allegations contained in paragraphs 1 through 14.

16. N.H. Rev. Stat. § 265:68 provides in relevant part:

> Upon any way outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main travel part of the way when it is practicable to stop, park, or so leave such vehicle off such part of said way.

17. The location where Deborah Marble parked the tractor-trailer in the emergency breakdown lane of Route 11 was outside of any business or residence district.

18. At or around the time that Deborah Marble parked the tractor-trailer in the emergency breakdown lane of Route 11, there were numerous off-road locations where it would have been practicable to park.

19. The aforesaid parking of the tractor-trailer by Deborah Marble in the emergency breakdown lane of Route 11 constituted a clear violation of NH RSA 265:68.

20. The plaintiff, Rita Kaulbach, was a member of the class of persons intended by the legislature to be protected by NH RSA 265:68.

21. NH RSA 265:68 was enacted with the intent to prevent the kind of harm which befell the Plaintiff, Rita Kaulbach, as alleged herein.

22. The Defendants' aforesaid violation of NH RSA 265:68 constituted negligence *per se*.

23. The Defendants' aforesaid negligence *per se* was a substantial factor contributing to and a proximate cause of Rita's Kaulbach's collision with the tractor-trailer.

## Count II – Negligence Per Se
### (Violation of FMCSA Regulation § 392.22)

24. The Plaintiffs repeat and incorporate herein the allegations contained in paragraphs 1 through 23.

25. Federal Motor Carrier Safety Administration ("FMCSA") Regulation § 392.22 provides in relevant part:

> Whenever a commercial motor vehicle is stopped upon the travel portion of the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within ten minutes, place warning devices.

26. In direct violation of FMCSA Regulation § 392.22, Deborah Marble failed to place warning devices after having been parked in the emergency breakdown lane of Route 11 for more than ten minutes and prior to Rita Kaulbach's collision with the tractor-trailer.

27. The Plaintiff, Rita Kaulbach, was a member of the class intended by Congress to be protected by enactment of the Federal Motor Carrier Safety Improvement Act of 1999 (49 U.S.C. 113) and the regulations promulgated thereunder.

28. The harm which Rita Kaulbach suffered was of the kind which the Federal Motor Carrier Safety Improvement Act of 1999 and regulations promulgated thereunder were intended to prevent.

29. The Federal Motor Carrier Safety Improvement Act of 1999 and regulations promulgated thereunder have the effect of law in New Hampshire and supercede any state statutes in conflict therewith.

30. The Defendants' aforesaid violation of the FMCSA Regulation § 392.22 constituted negligence *per se*.

31. The Defendants' aforesaid negligence *per se* was a substantial factor contributing to and a proximate cause of Rita Kaulbach's collision with the tractor-trailer.

### Count III – Negligence

32. The Plaintiffs repeat and incorporate herein the allegations contained in paragraphs 1 through 31.

33. Defendants owed a duty to the Plaintiffs to exercise due care in the operation of the aforesaid tractor-trailer.

34. The Defendants breached that duty by and through Deborah Marble's negligent and unlawful operation of said tractor-trailer by failing to park the tractor-trailer in an off-road location and/or failing to place warning devices.

35. As a direct and proximate result of the Defendants' aforesaid negligence, the Plaintiff, Rita Kaulbach, collided with the tractor-trailer.

### Count IV – Loss of Consortium

36. The Plaintiffs repeat and incorporate herein the allegations contained in paragraphs 1 through 35.

37. Plaintiff, Andrew Kaulbach, was at all relevant times married to the Plaintiff, Rita Kaulbach.

38. As a direct and proximate result of the aforesaid negligent and unlawful operation of the tractor-trailer by the Defendants, causing the aforesaid injuries to his wife Rita Kaulbach, the Plaintiff, Andrew Kaulbach, was caused to sustain a loss of consortium, and other loss.

### Relief Requested

WHEREFORE, Plaintiffs pray for judgment in their favor against the Defendants, including an award of money damages within the jurisdictional limits of the Court which shall

fairly and adequately compensate the Plaintiffs for the injuries and damages they sustained, and enhanced compensatory damages, together with their costs, pre-judgment and post-judgment interest as allowed by law, and that Plaintiffs be granted such other and further relief at law or in equity, general or special to which they may themselves be justly entitled.

Plaintiffs demand a jury trial.

>Respectfully submitted,
>RITA and ANDREW KAULBACH
>
>By their Attorney
>STEPHEN R. FINE

DATED:  October 15, 2015                     /s/ Stephen R. Fine

>Stephen R. Fine, # 798
>Law Offices of Stephen R. Fine
>620 Chestnut Street
>Manchester, NH  03104
>(603) 668-2343
>sfine@tds.net